# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SHANE YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 13-3492-CV-S-BCW-P |
| vs. ) | |
| ) | |
| MICHAEL BOWERSOX, et al., ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2010 convictions and sentences for first degree involuntary manslaughter, two counts of second degree assault, and driving while his license was revoked, which were entered in the Circuit Court of Greene County, Missouri. Petitioner's sole ground for relief is that his guilty plea was involuntarily entered because his guilty plea counsel provided ineffective assistance of counsel in that he did not review any discovery with petitioner, failed to provide discovery to petitioner, and told petitioner that he would receive "a fifteen-year cap on the sentence." Doc. No. 1, p. 14. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied, Respondent's Exhibit A, pp. 51-60, and that denial was affirmed on appeal to the Missouri Court of Appeals, Southern District. Respondent's Exhibit D. Respondent argues that all grounds for relief are without merit. Doc. No. 4, pp. 4-7.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in Strickland v. Washington, 466 U.S. 668, 687 (1984), and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and. . . but for this advice, the outcome of the plea process would have been different.'" Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992) (citing

Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge v. Allison, supra at 71), cert. denied, 522 U.S. 1093 (1998)).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). At his guilty plea hearing and after having the range of punishment and the factual basis for the charges stated on the record by the state prosecuting attorney, petitioner responded that he no one had promised him anything for him to enter his guilty pleas, that no one had threatened him or his family or friends to make him enter his guilty pleas, that he was pleading guilty only because he had committed the facts stated in the charges, and that there was "no other reason for [him] to plead guilty, other than that [he was] guilty of these offenses." Respondent's Exhibit A, p. 21. Although the guilty plea court stated at the guilty plea hearing that he had denied petitioner's request for

2

a continuance, petitioner agreed on the record that the only reason he was pleading guilty was because he believed that he was guilty of the offenses as charged and that no one had told him to lie when he appeared in court. Id. at 19. At sentencing, after receiving consecutive terms of a 20-year sentence for involuntary manslaughter, two concurrent 7-year sentences for two counts of second-degree assault, and one year in the Greene County Jail for driving while his license was revoked, petitioner stated to the court that no one had promised him anything about the sentence and that he was completely satisfied with both attorneys, Mr. Smith (on the guilty plea) and Mr. Jones (at sentencing). Id. at 32.

Petitioner testified at the Rule 24.035 hearing that he was unhappy with guilty plea counsel's performance and that he would not have pled guilty and would have gone to trial if counsel had reviewed the discovery with him prior to the guilty plea and if the state court had not denied his request on the day of trial for a continuance of two weeks so that a newly hired attorney could have two weeks to prepare for trial. Respondent's Exhibit E, pp. 5-6. Petitioner admitted, however, that he had heard all of the evidence against him at the preliminary hearing and at the motion to suppress the evidence on different occasions. Id. at 6-7. Moreover, although petitioner added an argument at his Rule 24.035 hearing that Mr. Smith (the guilty plea counsel) had told him that there was a 15-year maximum sentence, he admitted under oath that he did not have the hired attorney with him until November 2010, the date his case was set for trial, and that the newly hired attorney also counseled him to take a "blind plea" on that date when the motion for a continuance was denied. Id. at 7. Petitioner testified under oath at his guilty plea that he understood that the judge could sentence him "a minimum of 5 years to a maximum of 30 years or life in prison to be served at 85 percent" on Count 1, from 2 years to 15 years on Counts 2 and 3, and up to one year on Count 4. He also testified under oath that no other promises had been made to him. Respondent's Exhibit A, pp. 18-21. Therefore, petitioner has failed to provide sufficient evidence necessary to rebut the state court finding that petitioner's attorney was ineffective or

gave him prejudicial representation contrary to petitioner's own sworn testimony in the state courts. Respondent's Exhibit A, p. 56; Respondent's Exhibit D, p. 2.

The record clearly establishes that petitioner understood the range of punishment and that the circuit court would determine his sentence, not his attorney. The state circuit court specifically instructed him on the range of punishment and that he could be sentenced anywhere within that range. Respondent's Exhibit A, pp. 18-21. It was unreasonable for petitioner to expect a 15-year sentence when he was informed by the guilty plea court what the range of punishment was for each count. See Matteson v. Bowersox, 2007 WL 1876472, No. 4:06CV1605 CDP (E.D. Mo. June 26, 2007) (counsel's mere prediction of a sentence a court would impose did not constitute coercion rendering the guilty plea involuntary).

Moreover, petitioner has failed to establish that, but for his counsel's alleged ineffective assistance, petitioner would have rejected the "blind plea" and would have proceeded to trial. As stated in the Missouri Court of Appeals ruling affirming the denial of post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035, petitioner's claim "is refuted by his own sworn testimony provided at the time of his guilty plea and again during his subsequent sentencing hearing." Respondent's Exhibit D, p. 2. "A defendant who repeatedly assures the court at his guilty plea and sentencing hearings that he is satisfied with his counsel's performance is barred from obtaining post-conviction relief based on ineffective assistance of counsel." Respondent's Exhibit D, p. 4 (citing Eberspacher v. State, 915 S.W. 2d 384, 386 (Mo. Ct. App. 1996)).

Petitioner's responses at his guilty plea hearing demonstrate that he understood the alternatives open to him and chose to plead guilty to avoid a jury trial. See North Carolina v. Alfred, 400 U.S. 25, 31 (1970). Petitioner has not demonstrated that counsel was ineffective or misled him into pleading guilty against his will or better judgment. The state court rejection of petitioner's claim was not

4

unreasonable in light of the facts of this case or in light of clearly established federal law. See 28 U.S.C. § 2254(d)(1) and (2). Ground 1 will be denied, and this case will be dismissed with prejudice.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) this petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

          /s/ Brian C. Wimes_____
          BRIAN C. WIMES
          UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 29, 2014.